# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ERROL KLEIN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DAVID HOLBROOK, Warden,<br><br>　　　　　Respondent. | Case No. 2:22-cv-01236-AB (MAA)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. (ECF No. 12.) Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　　The Report recommends the denial of habeas relief for Petitioner's claim that the evidence was insufficient to support his conviction for second-degree murder under a theory of implied malice. (ECF No. 12.) For the following reasons, Petitioner's Objections to the Report (ECF No. 13) do not warrant a change to the Magistrate Judge's findings or recommendation.

　　　　Petitioner objects that, under the objective test for implied malice, it was not likely or probable that his drunk driving would result in death. (ECF No. 13 at 5.)

The objective test for implied malice "requires an act, the natural consequences of which are dangerous to life." *People v. Knoller*, 41 Cal. 4th 139, 143 (2007). Petitioner argues that his acts did not satisfy this test because he was driving within the speed limit and obeying traffic rules. (ECF No. 13 at 5.) To the contrary, the evidence showed that Petitioner, in addition to being highly intoxicated, had made an "an unsafe turning movement." (ECF No. 12 at 5.) Under California law, similarly unsafe driving is sufficient to sustain a murder conviction based on implied malice. *See People v. Wolfe*, 20 Cal. App. 5th 673, 684 (2018) (affirming murder conviction based on drunk driving and rejecting argument that defendant did not engage in "highly dangerous" driving where, "at a minimum, the evidence reasonably showed that [she] was unable to keep her vehicle within her designated traffic lane due to her intoxication").

    Petitioner similarly objects that, under the subjective test of implied malice, he did not engage in highly dangerous driving. (ECF No. 13 at 6.) As mentioned above, evidence that Petitioner had made "an unsafe turning movement" (ECF No. 12 at 5) was sufficient to show highly dangerous driving. Moreover, as the Report noted, highly dangerous driving is not a required to satisfy the subjective test of implied malice where, as in this case, there was other evidence of conscious disregard for life. (ECF No. 12 at 14.) The other evidence—a blood alcohol level above .08 percent, a predrinking intent to drive, and knowledge of the hazards of driving while intoxicated—was sufficient to satisfy the test. (ECF No. 12 at 16-18.)

    Petitioner objects that the Report disregarded certain evidence. (ECF No. 13 at 7.) He specifically points out that he was "obviously a high functioning alcoholic," did most of his drinking at home, intended to go to bed after drinking, went hiking in Pasadena after having a beer with breakfast, and consumed two drinks in five hours in the car. (*Id.*) But a federal court is required to view the evidence in the light most favorable to the prosecution, not in the light pointing to innocence. *See United States v. Nevils*, 598 F.3d 1158, 1169 (9th Cir. 2010) (*en*

*banc*) ("[W]e do not construe the evidence in the light most favorable to innocence, and therefore do not consider [appellant's] argument that there is an equally plausible innocent explanation for [the evidence].").

Petitioner similarly objects that the "best evidence" calls into question his conviction. (ECF No. 13 at 7.) He specifically argues that, despite evidence that he was aware of the dangers of drinking and driving, the best evidence of his knowledge was his "thoughtful response to the police" at the scene. (ECF No. 13 at 7.) He also argues that he did not commit a prior traffic violation. (*Id*. at 8.) But a federal court has no authority to decide what the best evidence was or to reweigh the evidence that the jury considered. *See McDaniel v. Brown*, 558 U.S. 120, 134 (2010) (*per curiam*) (recognizing that federal courts must "preserve 'the factfinder's role as weigher of the evidence' by reviewing '*all of the evidence* . . . in the light most favorable to the prosecution'") (emphasis and ellipsis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

IT IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: September 06, 2023

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

3